# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| MELISSA A. NORMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-5091-CV-SW-RED |
| | ) | |
| MICKEY EPPERLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Separate Defendant Sheriff Mickey Epperly's Motion for Summary Judgment (#36). After careful consideration, the Court **GRANTS** the motion.

## BACKGROUND[1]

On July 23, 2007, Plaintiff Melissa Norman was arrested and processed at the Barry County Jail. The parties have different recollections of exactly what happened. Defendants claim that Ms. Norman became violent—banging her head on the floor and walls—and they could not stop her with

---

[1]Local Rule 56.1 states the following:

Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be set forth in a separate paragraph, shall refer specifically to those portions of the record upon which the opposing party relies, and, if applicable, shall state the paragraph number in movant's listing of facts that is disputed. All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party.

Ms. Norman failed to comply with this rule and has not specifically controverted the facts necessary for this order in either her brief or the attached exhibits. Accordingly, all facts set forth in Mr. Epperly's statement of undisputed material facts are deemed admitted. Ms. Norman's noncompliance with Local Rule 56.1 is alone sufficient to merit summary judgment in this case.

verbal commands or physical force. Ms. Norman claims that she was not violent and did not pose a threat to anyone. The parties agree, however, that Defendant Joey Griffith, a sheriff's deputy, used a taser on Ms. Norman during her arrest and processing.

Ms. Norman, with the assistance of counsel, sued Barry County Sheriff Mickey Epperly and the law enforcement officers allegedly involved in her arrest and processing. Her complaint claims relief on the following legal theories: 42 U.S.C. § 1983, violation of the Americans with Disabilities Act, battery, negligence, and intentional infliction of emotional distress. Mr. Epperly moved for summary judgment on Ms. Norman's claims against him because he was not directly involved in Ms. Norman's arrest and processing, he cannot be liable on a respondeat superior theory, and his training and supervision of the deputies involved in this case was adequate.

Ms. Norman agrees that Mr. Epperly is not liable on a respondeat superior theory under 42 U.S.C. § 1983 . She argues, however, that she is entitled to relief under 42 U.S.C. § 1983 and the ADA because Mr. Epperly's training and supervision were inadequate. Ms. Norman also argues that, even though Mr. Epperly was not directly involved in her arrest and processing, she is entitled to pursue her common law tort claims against him on a respondeat superior theory.

**LEGAL STANDARD**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED R. CIV. PRO. 56(c). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

# DISCUSSION

## *Summary judgment is appropriate on Ms. Norman's 42 U.S.C. § 1983 and ADA claims against Mr. Epperly.*

To hold a supervisor liable under 42 U.S.C. § 1983, a plaintiff must show either (1) that the supervisor directly participated in the constitutional violation, or (2) that the officers were inadequately trained or supervised and such failure to properly train or supervise the officer caused a deprivation of constitutional rights. *Andrews v. Fowler*, 98 F.3d 1069, 1070 (8th Cir. 1996) (two-weeks on the job training and graduation from police academy within one year of being hired was sufficient training as a matter of law in excessive force case); *Williams-El v. Johnson*, 872 F.2d 224, 230 (8th Cir. 1989) (same). Plaintiff has the burden of proof on these issues. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

Ms. Norman has produced no evidence that Mr. Epperly directly participated in her arrest or processing. She instead claims that Mr. Epperly is liable for inadequate training. To survive summary judgment, Ms. Norman must show "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that [Mr. Epperly] can reasonably be said to have been deliberately indifferent to the need." *Ambrose v. Young*, 474 F.3d 1070, 1079-80 (8th Cir. 2007) (reversing trial court's decision to deny jail warden's motion for summary judgment).

Ms. Norman argues that Mr. Epperly improperly trained his deputies on how to deal with a mentally ill detainee. While Ms. Norman's unverified pleadings allege that she suffered from certain impairments, there is no evidence before this Court establishing that Ms. Norman was mentally ill. Moreover, Ms. Norman has not provided the Court with any evidence supporting her allegation that there was not a written policy or training regimen in place regarding mental health

3

detainees. Ms. Norman has not met her burden to show that Mr. Epperly improperly trained his deputies on how to deal with mental health detainees.

Ms. Norman also argues that Mr. Epperly allowed two of his deputies, Defendants Griffith and Buchholz, to carry tasers without certification despite a written department policy requiring deputies who use tasers to be certified. Ms. Norman has not produced any evidence that Mr. Buchholz used a taser against her. Accordingly, even if Mr. Buchholz did not have a taser certification, this problem did not cause Ms. Norman a deprivation of any constitutional rights.

Mr. Griffith used his taser on Ms. Norman. Both parties provided the Court with excerpts from Mr. Griffith's deposition. In his deposition, Mr. Griffith testified that he obtained his taser certification in October 2005, and he maintained that certification the entire time he worked as a Barry County sheriff's deputy. Mr. Epperly also testified by affidavit that Mr. Griffith was certified to use a taser.

Ms. Norman has not provided the Court with any evidence that Mr. Griffith was not certified to use a taser. She did not provide testimony from other individuals that took the October 2005 taser certification course about whether Mr. Griffith was present for the class. She did not provide the Court with documents or affidavits from the organization administering the certification course. She provided the Court with no affirmative evidence that Mr. Griffith did not take the certification course as he testified. She instead argues that Defendants' evidence that Mr. Griffith was certified to use a taser is not credible.

Ms. Norman has the burden of production on this issue, and she cannot meet that burden by arguing about the credibility of Defendants' evidence that Mr. Griffith was certified to use a taser. This would improperly shift the burden to Mr. Epperly. "[A]t the summary judgment stage, 'if the

4

defendant-official has made a properly supported motion, the plaintiff may not respond simply with general attacks upon the defendant's credibility, but rather must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden.'" *Kilpatrick v. King*, 499 F.3d 759, 769 (8th Cir. 2007) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998)).

To create a genuine issue of material fact, Ms. Norman has the burden to produce affirmative evidence that Mr. Epperly did not properly train his deputies. She has not met that burden, and summary judgment is appropriate on Ms. Norman's 42 U.S.C. §1983 claim against Mr. Epperly.

Ms. Norman's claim under the ADA, along with some of the allegations in her negligence claim, are premised on the same arguments as her 42 U.S.C. §1983 claim (i.e. inadequate training and supervision). Because Ms. Norman has failed to produce any evidence to support these arguments, summary judgment is also appropriate on these claims.

### *Summary judgment is appropriate on Ms. Norman's common law tort claims against Mr. Epperly.*

Missouri law contains limits on a sheriff's liability for the acts of his deputies on a respondeat superior theory. "[P]ublic officers are not responsible for acts of subordinate officials: (1) if such subordinates are themselves employees of the government; (2) if there is no negligence on the part of such public officials in employing them; and (3) the superior officer has not directed or encouraged or ratified such acts or has personally cooperated therein." *State* ex rel. *Hill v. Baldridge*, 186 S.W.3d 258, 259 (Mo. 2006). Plaintiff bears the burden of pleading and proving these elements. *See id.*

The parties appear to agree that the deputies involved in this case were employees of the government, that Mr. Epperly did not actively cooperate in harming Ms. Norman, and that Mr. Epperly did not affirmatively direct, encourage, or ratify the deputies' conduct. Throughout her

brief, however, Ms. Norman argues that Mr. Epperly was negligent in employing, training, and supervising the deputies. As the Court fully explained above, Ms. Norman has not provided the Court with affirmative evidence to support this argument. There is not a genuine issue of material fact on the issue of Ms. Epperly's liability for the conduct of his deputies on a respondeat superior theory. Summary judgment is appropriate on Ms. Norman's common law tort claims against Mr. Epperly.

## CONCLUSION

Separate Defendant Sheriff Mickey Epperly's Motion for Summary Judgment (#36) is **GRANTED**. Summary judgment is entered in favor of Mr. Epperly and against Ms. Norman on all counts of Ms. Norman's Amended Complaint. Ms. Norman's claims against the remaining Defendants are still pending.

**IT IS SO ORDERED**.

DATED: August  26 , 2008          /s/ Richard E. Dorr
                                  RICHARD E. DORR, JUDGE
                                  UNITED STATES DISTRICT COURT