IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| MELISSA A. NORMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-5091-CV-SW-RED |
| | ) |
| MICKEY EPPERLY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Defendants McCullough, Moore, Stephens, Vulmer, and Watkins's Motion for Summary Judgment (#58) and Defendants House, Buckholz, and Griffith's Motion for Summary Judgment (#59). After careful consideration, the Court **GRANTS** the motions.

## BACKGROUND[1]

On July 23, 2007, Plaintiff Melissa Norman attempted to commit suicide. Cassville police officers and Barry County sheriff's deputies were notified. They detained Ms. Norman for a 96 hour

---

[1]Local Rule 56.1 states the following:

Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be set forth in a separate paragraph, shall refer specifically to those portions of the record upon which the opposing party relies, and, if applicable, shall state the paragraph number in movant's listing of facts that is disputed. All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party.

Ms. Norman failed to comply with this rule and has not specifically controverted the facts necessary for this order. Accordingly, all facts set forth in Defendants' statements of undisputed material facts are deemed admitted. Ms. Norman's noncompliance with Local Rule 56.1 is alone sufficient to merit summary judgment in this case.

hold. When the officers attempted to arrest Ms. Norman, she became violent—screaming, rolling around, and banging her head against the floor and walls—and they could not stop her with verbal commands or physical force. To prevent Ms. Norman from harming herself or others, the officers bound her hands and feet together, wrapped a folded towel around her head, and eventually tasered her.

Ms. Norman, with the assistance of counsel, sued the Cassville chief of police, the Barry County sheriff, four police officers, and three deputy sheriffs. Her complaint claims relief on the following legal theories: excessive force under 42 U.S.C. § 1983, violation of the Americans with Disabilities Act, battery, negligence, and intentional infliction of emotional distress. The Court granted summary judgment in favor of Mr. Epperly, the Barry County sheriff, on August 26, 2008. The remaining defendants have now moved for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED R. CIV. PRO. 56(c). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## DISCUSSION

### *Summary judgment is appropriate on Ms. Norman's 42 U.S.C. § 1983 claims.*

Defendants claim that qualified immunity applies. "Qualified immunity protects government officials from civil damages when they are performing discretionary functions and their conduct

2

hold. When the officers attempted to arrest Ms. Norman, she became violent—screaming, rolling around, and banging her head against the floor and walls—and they could not stop her with verbal commands or physical force. To prevent Ms. Norman from harming herself or others, the officers bound her hands and feet together, wrapped a folded towel around her head, and eventually tasered her.

Ms. Norman, with the assistance of counsel, sued the Cassville chief of police, the Barry County sheriff, four police officers, and three deputy sheriffs. Her complaint claims relief on the following legal theories: excessive force under 42 U.S.C. § 1983, violation of the Americans with Disabilities Act, battery, negligence, and intentional infliction of emotional distress. The Court granted summary judgment in favor of Mr. Epperly, the Barry County sheriff, on August 26, 2008. The remaining defendants have now moved for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED R. CIV. PRO. 56(c). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## DISCUSSION

### *Summary judgment is appropriate on Ms. Norman's 42 U.S.C. § 1983 claims.*

Defendants claim that qualified immunity applies. "Qualified immunity protects government officials from civil damages when they are performing discretionary functions and their conduct

2

does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brockinton v. City of Sherwood*, 503 F.3d 667, 671 (8th Cir. 2007). Qualified immunity protects all but the "plainly incompetent or those who knowingly violate the law." *Id.* at 672. "To withstand a motion for summary judgment on qualified immunity grounds, a civil rights plaintiff must (1) assert a violation of a constitutional right; (2) demonstrate that the alleged right is clearly established; and (3) raise a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated the plaintiff's clearly established right." *Id.* "Our initial inquiry is whether the facts . . . show that the officers' conduct violated a constitutional right." *Id.*

Because Ms. Norman claims that the officers used excessive force during her arrest, the Fourth Amendment's prohibition against unreasonable seizures applies. Under the Fourth Amendment, the officers' use of force must be "objectively reasonable in light of the facts and circumstances confronting the officer[s]." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). "Once the predicate facts are established, the reasonableness of the official's conduct under the circumstances is a question of law." *Id.* "Objective reasonableness is determined by balancing the nature and quality of intrusion on plaintiff's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Id.* "This analysis requires careful attention to the facts and circumstances of the case, including . . . whether the suspect poses an immediate threat to the safety of the officers or others, and whether [she] is actively resisting arrest or attempting to evade arrest by flight." *Id.* "Ultimately, the reasonableness of the force applied must be judged from the perspective of a reasonable officer on the scene." *Id.*

Ms. Norman claims that the officers violated her constitutional rights by "hogtying" her and

3

"throwing" her into the back of the patrol car and from the patrol car onto the floor of the booking room. During her deposition, Ms. Norman testified that the officers handcuffed her with her hands behind her back. The officers then shackled her legs and attached the leg shackles to her handcuffs. She testified that she couldn't stand or walk, so the officers had to carry her. The officers' use of force was objectively reasonable. Ms. Norman admits that she was high on pills, trying to commit suicide, and possessed a knife earlier that evening. Ms. Norman also admits that officers took her to the hospital for treatment earlier that night, she told the officers that she wanted to run away before they took her to the hospital, and she ran from law enforcement on prior occasions. Ms. Norman admits that she fled the hospital without the authorization of law enforcement or hospital personnel. Ms. Norman also admits that when officers confronted her after she fled the hospital she told them they would have to "make her" come with them, and she turned away from them to flee. Armed with this knowledge, the officers' methods of restraining Ms. Norman and forcing her into custody for a 96 hour hold were objectively reasonable as a matter of law.

Ms. Norman claims that Defendant Buckholz violated her constitutional rights by wrapping a folded towel over her head to "blindfold" her. Ms. Norman admits that she was slamming her head against the floor and wall at the jail. She testified at her deposition that she banged her head so hard that she drew blood. Defendant Buckholz testified in his deposition that he used a folded towel to protect Ms. Norman's head. Ms. Norman has produced no evidence that Defendant Buckholz decided to use the towel to "blindfold" Ms. Norman or for any purpose other than protecting Ms. Norman's head. Defendant Bucholz's decision to wrap a towel around Ms. Norman's head under these circumstances was objectively reasonable as a matter of law.

Ms. Norman claims that Defendant Griffith violated her constitutional rights by tasing her.

4

Plaintiff admits that she was yelling and screaming, banging head on the floor and wall, and rolling around. Plaintiff also admits that the officers told her to stop and they tried to physically force her to stop, but she continued to resist. Ms. Norman admits in her deposition that the officers should not have let her continue to resist. There were officers and civilians in the booking room with Ms. Norman, and her conduct posed a potential threat to herself and others. To prevent such threatened harm, Defendant Griffith tased Ms. Norman. After she was tased, Ms. Norman quit resisting. Defendant Griffith's decision to tase Ms. Norman was an objectively reasonable response to Ms. Norman's conduct in light of the circumstances presented. *See Zivojinovich v. Barner*, 525 F.3d 1059, 1073 (11th Cir. 2008) (use of taser on arrestee held reasonable). *See also Jasper v. Thalacker*, 999 F.2d 353 (8th Cir. 1993) (use of taser on inmate held reasonable).

Ms. Norman claims that defendants violated her fourteenth amendment right to equal protection by discriminating against her on the basis of her disability. Ms. Norman has not provided the Court with any evidence of a disability. Ms. Norman attempts to rely on the evidence of her depression and suicide attempt on the night of the incident. However, she has provided the Court with no expert opinions, medical history, or other evidence tending to show that she suffered from an actual mental disability. Moreover, "unequal treatment of persons who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination." *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). "To avoid summary judgment, [Ms. Norman] must identify affirmative evidence from which a jury could find proof of the pertinent motive." *Id.* "Discriminatory purpose can be proved with various kinds of direct and circumstantial evidence but is most often proved with evidence that similarly situated inmates were treated differently." *Id.* Ms. Norman has provided the Court with no evidence of

5

disparate treatment or discriminatory purpose.

Ms. Norman finally claims that Chief McCullough violated her constitutional rights by failing to properly train and supervise the Cassville police officers involved in the incident. Chief McCullough cannot be liable because, as the Court outlines above, the officers did not violate Ms. Norman's constitutional rights. Additionally, Ms. Norman's claims against Chief McCullough are identical to her claims against Sheriff Epperly, and summary judgment is appropriate on Ms. Norman's claims against Chief McCullough for the same reasons the Court granted summary judgment on Ms. Norman's claims against Sheriff Epperly on August 26, 2008.

Qualified immunity applies, and summary judgment is appropriate on Ms. Norman's 42 U.S.C. § 1983 claims.

### *Summary judgment is appropriate on Ms. Norman's ADA claims.*

"To establish a prima facie case of disability discrimination, [Ms. Norman] must present sufficient evidence that [she] suffers from a disability." *Brunke v. Goodyear Tire and Rubber Co.*, 344 F.3d 819, 821 (8th Cir. 2003) (granting defendant's motion for summary judgment on ADA claim because plaintiff failed to present sufficient proof that his epilepsy limits his major life activitites). "In order to establish a disability within the meaning of the ADA, a claimant must establish (1) a physical or mental impairment that substantially limits a major life activity, (2) a record of such impairment, and (3) that [she] is regarded as having such an impairment." *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490-91 (8th Cir. 2002).

Ms. Norman's statement of facts does not allege that she is disabled, and she has presented virtually no evidence of her alleged mental disability. She appears to rely on her depression, drug overdose, and suicidal tendencies on the night of the incident, however this evidence is not enough

6

to meet her burden on the ADA claim. The Court also notes that Ms. Norman has not produced sufficient evidence that she was denied the benefits of a public program or activity or that she was actually discriminated against based on her disability. Moreover, Ms. Norman admits that she was "pilled up" on the night of the incident, and "the ADA protects only individuals who are no longer using illegal drugs." *Dovenmuehler v. St. Cloud Hospital*, 509 F.3d 435, 439 (8th Cir. 2007). Summary judgment is appropriate on Ms. Norman's ADA claims.

### *Summary judgment is appropriate on Ms. Norman's common law tort claims*.

Defendants claim that they are protected by official immunity from liability on Ms. Norman's common law tort claims. "Public officers acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but they may be held liable for torts committed when acting in a ministerial capacity." *State* ex *rel. Hill v.* Baldridge, 186 S.W.3d 258, 259 (Mo. 2006). The officers' alleged acts or omissions at issue in this case were clearly discretionary, not ministerial. Accordingly, official immunity applies and summary judgment is appropriate on Ms. Norman's common law tort claims.

## CONCLUSION

The Court **GRANTS** Defendants McCullough, Moore, Stephens, Vulmer, and Watkins's Motion for Summary Judgment (#58) and Defendants House, Buckholz, and Griffith's Motion for Summary Judgment (#59).

Ms. Norman mistakenly identified Joey Griffith as "Joey Lawrence" in the caption of her Complaint. Throughout her complaint, Ms. Norman correctly identified the officer as Joey Griffith instead of Joey Lawrence, and Ms. Norman served process on Joey Griffith not Joey Lawrence. The Court put both Joey Griffith and Joey Lawrence on the docket as parties to this case. To the extent

7

Case 3:07-cv-05091-RED   Document 72   Filed 11/21/08   Page 7 of 8

Ms. Norman's complaint states claims against Joey Lawrence, summary judgment is appropriate on those claims as well.

Ms. Norman included claims against a Jane Doe defendant in her complaint. Ms. Norman has not identified who the Jane Doe defendant is in this case, and she has not served process on a Jane Doe defendant. Accordingly, summary judgment is appropriate on Ms. Norman's claims against the Jane Doe defendant.

The Court hereby enters summary judgment in favor of all defendants and against plaintiff Melissa Norman on all claims and causes of action pled in this case.

**IT IS SO ORDERED**.

DATED:   November 21, 2008                    */s/ Richard E. Dorr*
                                                                RICHARD E. DORR, JUDGE
                                                                UNITED STATES DISTRICT COURT